Filed 6/16/22  P. v. Carbajal CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HENRY ZAZUETA CARBAJAL, JR.,<br><br>    Defendant and Appellant. | F081200<br><br>(Super. Ct. No. F17903994)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Smith, J. and Snauffer, J.

Henry Zazueta Carbajal, Jr. seeks remand for resentencing pursuant to recently enacted legislation, specifically Assembly Bill No. 518 (2021-2022 Reg. Sess.; Stats. 2021, ch. 441) (Assembly Bill 518). The People agree the matter must be remanded for resentencing. We agree with the parties, vacate the sentence, and remand the matter for resentencing. The judgment is otherwise affirmed.

## FACTS AND PROCEDURAL HISTORY[1]

On July 10, 2017, Carbajal battered his girlfriend, R.V., held her at knifepoint in her own house, hit her repeatedly, threatened to cut out her eyes and chop her up, and threatened to kill her family. As she fled, he urged her not to call law enforcement. After Carbajal was incarcerated, he contacted R.V. by telephone and letter numerous times, urging her not to talk to anyone outside of his own attorney, stating things like "if there's no victim there's no crime" and later telling her he would only get out if she testified "nothing happened."

Carbajal was charged with two counts of inflicting corporal injury on a person in a dating relationship (counts 1 & 2; Pen. Code, § 273.5, subd. (a))[2]; one count of making a criminal threat (count 3; § 422); one count of felony false imprisonment (count 4; § 236); one count of dissuading a witness (count 5; § 136.1, subd. (b)(1)) and eight counts of attempting to dissuade a witness (counts 6-12; § 136.1, subd. (b)(2)). It was further alleged as to counts 2 and 3 that Carbajal personally used a deadly weapon (§ 12022, subd. (b)(1)); and that Carbajal had previously suffered two prior serious felony convictions (§ 667, subd. (a)); and had two prior "strike" convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

The trial court dismissed one of the prior serious felony allegations on the motion of the prosecution. In a bifurcated proceeding, Carbajal admitted two prior strike

---

[1]     The statement of facts are brief as they are not at issue.

[2]     All further statutory references are to the Penal Code unless otherwise stated.

offenses and a prior serious felony. The jury subsequently found Carbajal guilty of counts 1 through 4 and 6 through 10, and not guilty of counts 5, 11 and 12. The weapon allegations as to counts 2 and 3 were found true.

At sentencing, the trial court granted Carbajal's *Romero*[3] motion as to one of the strike priors. The trial court then found that counts 1 through 4 fell within the spirit of section 654 because they arose from the same operative set of facts, and deemed count 2 to be the base term. As to that count, it imposed the upper term of four years on that count, doubled to eight years for the strike prior, plus one year consecutive for the weapon enhancement. The sentences as to counts 1, 3, and 4 were stayed pursuant to section 654. It also imposed four years consecutive for each of counts 6, 7, 8, 9, and 10, plus five years for the serious felony prior, for a total of 34 years in state prison.

**DISCUSSION**

At the time of sentencing, former section 654, subdivision (a) required that a defendant who committed an act punishable by two or more provisions of law be punished under the provision that provided for the longest possible term. (Stats. 1997, ch. 410, § 1.) In Carbajal's case, count 2 was that provision of law with the longest possible sentence as it carried a sentence triad of two, three, or four years and had the addition of the weapons enhancement under section 12022, subdivision (b). Counts 3 and 4 each carry a triad of 16 months, two or three years.

Effective January 1, 2022, Assembly Bill 518 amended section 654, subdivision (a) to permit an act or omission punishable under two or more provisions of law to "be punished under either of such provisions." (§ 654, subd. (a); Stats. 2021, ch. 441, § 1.) Thus, under newly amended section 654, a trial court no longer is required to punish under the longest possible term of imprisonment when multiple offenses are based on the

---

[3]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

same act or omission. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 [concluding that Assembly Bill 518 applies retroactively].)

As noted, the parties also agree, as do we, that Assembly Bill 518 retroactively applies in this case. (See *In re Estrada* (1965) 63 Cal.2d 740, 744; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308 [discussing *Estrada*]; *People v. Brown* (2012) 54 Cal.4th 314, 323 [same].) In light of amendments to section 654 by Assembly Bill 518, remand is required for resentencing to allow the trial court to decide whether to exercise its new sentencing choice. Accordingly, we vacate Carbajal's sentence and remand the matter for resentencing.

## DISPOSITION

Carbajal's sentence is vacated, and the matter remanded for resentencing consistent with this opinion. In all other respects, the judgment is affirmed.